ROBINSON v. HINCKLEY

[119 N.C. App. 434 (1995)]

LESLIE L. ROBINSON, JR. Plaintiff-Appellant v. JUNE C. HINCKLEY, Defendant-Appellee

No. COA94-934

(Filed 5 July 1995)

**Courts § 15.1 (NCI4th)— nonresident defendant—no contacts with North Carolina—exercise of personal jurisdiction error**

Defendant did not have sufficient minimum contacts with North Carolina to give the trial court jurisdiction over her in this declaratory judgment action relating to a separation and property settlement agreement where defendant never came to this state for any legal actions or negotiations arising out of her marriage to plaintiff; at no time did she seek to invoke the protection of North Carolina law; she never resided, owned property, or even visited the state; and the agreement giving rise to this action did not become binding until defendant signed it in Louisiana.

**Am Jur 2d, Process §§ 190, 191.**

Appeal by plaintiff from an Order entered 14 June 1994 by Judge Yvonne M. Evans in Mecklenburg County District Court. Heard in the Court of Appeals 11 May 1995.

*Helms, Cannon, Hamel & Henderson P.A., by Christian R. Troy, for plaintiff-appellant.*

*Hicks, Brown and Mann, P.A., by Fred A. Hicks and Terri L. Young, for defendant-appellee.*

WYNN, Judge.

Plaintiff, Leslie L. Robinson and defendant, June C. Hinckley married on 30 June 1955 and separated on 7 January 1986. On 18 December 1986, plaintiff filed an action for absolute divorce in Louisiana. Subsequently, plaintiff moved to North Carolina and filed another action for divorce in Mecklenburg County, apparently disregarding his previous Louisiana action. The trial court entered the Divorce Judgment on 20 July 1987.

On 28 July 1987, plaintiff signed an agreement entitled "Separation, Support and Property Settlement Agreement"

("Agreement") and mailed it to defendant in Louisiana. Defendant signed the Agreement on 27 August 1987.

Apparently, after the parties executed the Agreement, a dispute arose as to the division of a retirement account titled in plaintiff's name. On 3 December 1993, plaintiff filed a declaratory action in North Carolina seeking to resolve this issue under the Agreement. In response, defendant moved to dismiss the declaratory action for want of personal jurisdiction. Following a hearing on this matter, District Court Judge Yvonne M. Evans dismissed the action. Plaintiff appealed.

On appeal, we agree with Judge Evans' determination and therefore affirm the Order dismissing the action for lack of personal jurisdiction.

In deciding whether personal jurisdiction exists, a two step analysis is employed. "First, it should be ascertained whether the statutes of this State allow our courts to entertain the action the plaintiff has brought against the defendant." *Miller v. Kite*, 313 N.C. 474, 476, 329 S.E.2d 663, 665 (1985). If so, then the court must determine whether applying the statute would violate the due process clause of the Fourteenth Amendment. *Id.* at 476-477, 329 S.E.2d at 665. Due process requires that a nonresident defendant have sufficient minimum contacts with the forum state before a suit may be maintained in that forum state. *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Even assuming *arguendo* that the necessary statutory prerequisites were satisfied in the subject case, we find that the record fails to show that defendant had sufficient minimum contacts with North Carolina to support a suit being maintained against her in this State.

The law of this State is very clear that the mere execution of a contract does not provide a basis for personal jurisdiction. In *Phoenix Am. Corp. v. Brissey*, 46 N.C. App. 527, 532, 265 S.E.2d 476, 480 (1980), this Court stated:

[I]n cases of contract disputes, "the touchstone in ascertaining the strength of the connection between the cause of action and the defendant's contacts is whether the cause arises out of attempts by the defendant to benefit from the laws of the forum state by entering the market of the forum state."

(*quoting Fieldcrest Mills, Inc. v. Monhasco Corp.*, 442 F.Supp 424, 428 (M.D.N.C. 1977)). "The mere act of entering into a contract with a forum resident . . . will not provide the necessary minimum contacts with the forum state especially when all of the elements of defendant's performance are to take place outside of the forum." *Phoenix Am. Corp.*, 46 N.C. App. at 532, 265 S.E.2d at 480.

Although defendant negotiated the terms of the Agreement with plaintiff while he was a resident of North Carolina, defendant never came to this State for any legal actions or negotiations arising out of the marriage, nor did she at any time seek to invoke the protection of North Carolina law or its enforcement mechanisms in the negotiation. Moreover, the record indicates that defendant never resided in this State nor owned property here. In fact, there is no indication that defendant has ever been physically present in North Carolina. Finally, we note that the Agreement did not become binding until defendant signed it on 27 August 1987, therefore, the finalization of the Agreement occurred in Louisiana. *See Williams v. Institute for Computational Studies at Colorado State Univ.*, 85 N.C. App. 421, 425, 355 S.E.2d 177, 180 (1987) ("[F]or a contract to be made in this State, the last act necessary to make it a binding obligation must be performed in this State.").

We hold that defendant did not have sufficient contacts with this State to support the exercise of personal jurisdiction.

Affirmed.

Judges EAGLES and MARTIN, Mark D. concur.